# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON BURNS, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>NAVISTAR, INC. and FORD MOTOR COMPANY,<br><br>                              Defendants. | CASE NO. 10CV2295-LAB (BGS)<br><br>**ORDER ON APPOINTMENT OF INTERIM CLASS COUNSEL** |

Rule 23(g)(3) of the Federal Rules of Civil Procedure allows courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Now before the Court is Plaintiff's motion to appoint The Katriel Law Firm as interim class counsel in this case.  Plaintiff argues this is necessary because a putative class action now pending in the Northern District of Illinois advances claims similar to those of Plaintiff and, problematically, seeks to represent California plaintiffs even though the named Plaintiffs are from Illinois, Florida, and Texas *and* did not buy their allegedly defective Ford trucks in California.  That case is *Custom Underground, Inc. v. Ford Motor Co.*, No. 10-CV-127.  Plaintiff puts the issue this way:

> Unless Burns' counsel is appointed interim class counsel authorized to speak for the California putative class of truck owners and lessees, these absent California putative class

> members risk having their interests unfairly and prejudicially compromised by decisions taken by the *Custom Underground* counsel ostensibly on behalf of the California putative class members — all at a time when the named plaintiffs in that case do not even have standing to seek to assert any claims based on California law on behalf of California residents or truck purchasers.

(Br. at 2:21–3:3.)

Defendants regard all of this as a ploy by Plaintiff's counsel to seize control of this litigation from the plaintiffs (and plaintiffs' lawyers) in *Custom Underground*. The Katriel Law Firm has filed putative class actions against Ford and Navistar in six federal districts, and almost immediately after filing the present motion (and an identical one in the Middle District of Tennessee), it filed a motion with the Judicial Panel on Multidistrict Litigation for transfer and consolidation (including *Custom Underground*) to either this District or the Middle District of Tennessee. More substantively, Defendants argue that Rule 23(g) "was designed to address situations in which there are competing class actions pending in the same district or court and there is some uncertainty as to which lawyers should take the lead prior to the decision on class certification." (Opp'n Br. at 1:24–28.)

Even if Plaintiff's purpose in seeking the appointment of interim class counsel is impure, the Court would rather focus on the substantive merits of the motion. There's nothing shocking about the Katriel Law Firm's "procedural machinations," as Defendants refer to them, and whether the present motion is meritorious has less to do with those than the substantive reasons for appointing interim counsel under Rule 23(g)(3). (The Court is likewise unconcerned, as Plaintiff implies it should be, with "the absolute absence of any mention by Navistar or Ford as to how granting Burns' motion would prejudice any of *them*." (Reply Br. at 4:23–24.) It's Plaintiff's responsibility to show the Court why it should appoint interim counsel, not Defendants' to show the Court why it shouldn't.)

Defendants argue that the appointment of interim counsel is appropriate only when multiple cases have been consolidated in a single district, which is not the circumstance here. *See In re Air Cargo Shipping Services Antitrust Litigation*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("In cases such as this, where multiple overlapping and duplicative class actions have

been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management."); *Amador v. Logistics Express, Inc.*, 2010 WL 3489038 at *2 (C.D. Cal. Aug. 27, 2010) (appointing interim counsel under Rule 23(g)(3) *after* consolidating cases); *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582 at *1 (S.D. Ill. May 10, 2006) ("[T]he Court's research indicates that the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court."); *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) ("[T]hose cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court."); *Nutz for Candy v. Ganz*, 2008 WL 4332532 at 2 (N.D. Cal. Sept. 19, 2008) (declining to appoint interim counsel when similar cases were pending in other districts and court had "a single action and a single firm seeking to be appointed interim lead counsel").

Plaintiff makes three arguments in response. First, the rule Defendants are urging has no basis in the text of Rule 23(g)(3). Second, the Manual for Complex Litigation contemplates that it may be necessary to appoint interim counsel in the present circumstances:

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement . . . Absent a stipulation [to the appointment of a lead interim counsel], the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected.

Manual for Complex Litigation § 21.11 (4th 2004). Third, Plaintiff argues that "courts have repeatedly appointed interim class counsel pursuant to Rule 23(g)(3) in circumstances such as this, where the competing suits were pending in different courts and judicial districts."

1  (Reply Br. at 7:5–7.)

2    The last argument is the weakest.  Plaintiff only cites two cases, and in both of them
3  the appointment of interim counsel was the result of a stipulation and therefore
4  uncontroversial.  In one of those cases, *Park v. The Thompson Corp.*, 05-CV-2931
5  (S.D.N.Y.), a judge simply signed off on a proposed order drafted and submitted,
6  presumably, by the plaintiff's counsel, who happens to be Plaintiff's counsel in this case.  (It's
7  ironic that Plaintiff disparages the *Nutz for Candy* decision on which Defendants rely for
8  being a "mere 1-page decision" (Reply Br. at 11:5) while at the same time offering the
9  appointment of interim counsel in *Park* as persuasive legal authority.)  Plaintiff is right that
10  none of the cases on which Defendants rely announces a black-letter rule *requiring* that
11  cases be consolidated in a single court before the appointment of interim class counsel is
12  appropriate, but that doesn't change the fact that there is more case law on Defendant's side
13  than on Plaintiff's.  *See Donaldson* at *1 (compiling case law).

14    Considering Plaintiff's first and second argument, the Court still sees no compelling
15  reason to appoint The Katriel Firm as interim class counsel at this time.  There is but one
16  case now before the Court, and there is little confusion that it is the responsibility of The
17  Katriel Firm to protect the interests of the putative class through the discovery, certification,
18  and motions process.  The pendency of *Custom Underground* does not obfuscate this
19  responsibility or impede The Katriel Firm's discharge of it.  Moreover, Plaintiff's vague
20  assertions notwithstanding, it is unclear precisely how the *Custom Underground* case places
21  the interests of the putative class in jeopardy.  (*See* Br. at 6; Reply Br. at 3:1–2.)  If the
22  plaintiffs in *Custom Underground* truly lack standing to assert claims on behalf of California
23  plaintiffs, the Court trusts that they will fail to certify a class that includes them.  Frankly, it
24  would seem to cut in Plaintiff's favor if the *Custom Underground* plaintiffs *did* have standing,
25  because then that case would overlap more with this one, and a better cause could be made
26  that one lawyer should be appointed to protect the interests of California plaintiffs pre-
27  certification.  *See Park.*  But if the *Custom Underground* plaintiffs lack standing to sue on
28  behalf of California residents, the Court would think they are as good as out of the lawsuit

1 in the first place. In any event, the solution isn't for this Court to announce that only Plaintiff
2 and The Katriel Firm have authority to speak on behalf of a putative class of California
3 plaintiffs. These considerations, coupled with case law that the Court finds overwhelmingly
4 supports the appointment of interim counsel when related cases have been consolidated in
5 a single court, support the **DENIAL, WITHOUT PREJUDICE**, of Plaintiff's motion for
6 appointment of interim class counsel.

**IT IS SO ORDERED**.

DATED: February 23, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge